UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALEXANDER JAMES,<br>Plaintiff,<br>v.<br>AMAZON LOGISTICS, INC.,<br>Defendant. | Case No. 22-cv-05318-KAW<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br>Re: Dkt. No. 43 |

On September 19, 2022, Plaintiff Anthony Alexander James filed the instant case against Defendant Amazon Logistics, Inc. (Dkt. No. 1.) Thereafter, Defendant moved to compel arbitration. (Dkt. No. 13.) After Plaintiff failed to oppose, the Court granted the motion to compel arbitration, finding that there was a binding arbitration agreement. (Dkt. No. 25 at 2-3.)

On March 21, 2025, Defendant filed a status report, stating that the arbitration was complete. (Dkt. No. 37.) The Court ordered Plaintiff to file a status report explaining why the case should not be closed or a dismissal of the case. (Dkt. No. 38.)

On April 21, 2025, Plaintiff filed a status report, requesting that the case not be dismissed. (Dkt. No. 39 at 2.) Plaintiff also appeared to challenge the outcome of the arbitration proceedings. (*Id.*) On April 24, 2025, the Court issued an order explaining the limited grounds on which a federal court may vacate, modify, or correct an award. (Dkt. No. 40 at 1.) The Court then ordered Plaintiff "to either file any necessary motion(s) to move this case along, or to file a dismissal of the case by June 5, 2025." (*Id.* at 2.)

Plaintiff did not file anything in response to the Court's April 24, 2025 order. Accordingly, on August 8, 2025, the Court issued an order to show cause requiring that Plaintiff explain why the case should not be dismissed for failure to prosecute by: (1) filing any necessary

motion(s) to move this case along, and (2) explaining why Plaintiff failed to comply with the Court's April 24, 2025 order. (Dkt. No. 43.) The Court warned that "[f]ailure to comply **will** result in dismissal of the case for failure to prosecute." (*Id.*) Plaintiff's response was due by September 5, 2025.

To date, Plaintiff has not filed a response to the August 8, 2025 order to show cause. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Here, Plaintiff has not filed anything since his April 21, 2025 status report, instead ignoring two court orders. The Court explicitly warned Plaintiff that failure to respond to the August 8, 2025 order to show cause would result in the case being dismissed for failure to prosecute, but Plaintiff has still not filed a response or done anything to move his case forward. Under these circumstances, the Court DISMISSES the case with prejudice for failure to prosecute.

The Court will enter separate judgment and direct the Clerk of the Court to close the case.

IT IS SO ORDERED.

Dated: October 16, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge